**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL WOOD, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20-cv-4584 |
| vs. | ) | |
| | ) | |
| CAPITAL VISION SERVICES, LLC; | ) | |
| MYEYEDR. OPTOMETRISTS, LLC; | ) | |
| MYEYEDR. OPTOMETRY OF ILLINOIS, LLC; | ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Michael Wood, on behalf of himself and all others similarly situated, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and alleges the following:

**INTRODUCTION**

1.      Capital Vision Services, LLC ("Capital Vision") manages and operates a network of MyEyeDr. optometry offices in 24 states and Washington D.C., to whom it sells marketing and promotional services, orchestrating a nationwide robocalling campaign.

2.      The individual MyEyeDr. optometry offices place automated, prerecorded calls on consumer cellphones, with the sole purpose of promoting and selling their services.

**JURISDICTION AND VENUE**

3.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

1

4.     This Court has personal jurisdiction over Defendants and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant MyEyeDr. Optometry of Illinois, LLC does business in this District, made the call that is the subject of this lawsuit to Plaintiff in this district, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## STANDING

5.     Defendant MyEyeDr. called Plaintiff using a pre-recorded voice message on Plaintiff's cell phone without his consent.

6.     Plaintiff has a congressionally defined right to be free of such automated calls to his cell phone for which he has not given express consent.

7.     Plaintiff has thus suffered an injury as a result of Defendant MyEyeDr.'s invasion of Plaintiff's privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

8.     Plaintiff's privacy was also invaded by Defendant MyEyeDr.'s conduct described below.

## PARTIES

9.     Plaintiff Michael Wood is a natural person who resides in this District.

10. Defendant Capital Vision is a Delaware corporation and maintains its principal office in Vienna, Virginia.

11. MyEyeDr. Optometrists, LLC is a Virginia limited liability company. MyEyeDr. is the trade name used by a number of independently owned and operated optometry practices, including Defendants MyEyeDr. Optometry of Illinois, LLC.

12. Capital Vision manages MyEyeDr. optometry centers.

## FACTS

13. The factual bases for Defendant MyEyeDr.'s liability include a marketing pitch; lack of consent; use of an auto-dialer; targeting a cell phone; pre-recorded voicemails and loss of privacy, among others.

14. On July 14, 2020, Plaintiff received a call from the telephone number (312) 649-9110, which is associated with MyEyeDr., located at 50 East Chicago Ave East, #1, Chicago, IL 60611

15. Plaintiff did not pick up the call and Defendant left a voice mail.

16. The voice mail was a prerecorded voice message urging Plaintiff to call MyEyeDr. at the 312 number above or visit the website MyEyeDr.com and schedule an appointment with an eye doctor.

17. Defendant, and/or third parties on Defendant's behalf, placed the call described above using a prerecorded or artificial voice.

18. Plaintiff has excellent vision and has never needed nor sought the services of any eye-related health care provider.

19. Plaintiff has never given consent to any Defendant to call or text his cell phone number.

3

20.     Plaintiff does not know how MyEyeDr. came into possession of his cell phone number.

21.     Plaintiff is the regular carrier and exclusive user of the cellular telephone that was called.

22.     Defendant's call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23.     The call Defendant MyEyeDr. made to Plaintiff violates 47 U.S.C. § 227.

24.     Upon information and belief, MyEyeDr. already keeps records and data from which it can determine which phone numbers it has consent to call with a prerecorded voice but has elected not to engage such to prevent TCPA violations for business reasons.

25.     Defendant knew about the TCPA before making the calls to Plaintiff but made the illegal call to a cellular phone in spite of such knowledge.

26.     Defendant also knew that it did not have "prior express consent" to call a phone number that had been obtained through skip trace or any means other than directly from the called party, or that any such consent had been revoked.

27.     The telephone call was annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of Plaintiff's cellular telephone line for other potential callers.

28.     The telephone call was intentionally, willfully and knowingly initiated.

29.     The telephone call was not initiated by accident or mistake.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action on behalf of a class consisting of a:

**Prerecorded Voice Class**

4

All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, MyEyeDr. called using a prerecorded voice message, where such calling occurred without the person's prior express consent.

31.     Plaintiff brings this action on behalf of a second class consisting of:

32.     Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number MyEyeDr. called using a prerecorded or artificial voice without permission.

33.     Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

    a.      Whether the calls to Plaintiff and the class were made using a prerecorded or artificial voice message as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

    b.      Whether the calls to Plaintiff and the class were made using an ATDS as that term is defined by the TCPA and applicable FCC regulations and orders;

    c.      Whether Nationwide had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

    d.      Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

34.     Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the classes are the same: MyEyeDr. violated the TCPA by causing prerecorded calls to be made to the cellular telephone number of each member of the class, without permission.

5

35.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation.

36.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

37.     No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

38.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

39.     The identity of the class is, on information and belief, readily identifiable from Defendant's records.

WHEREFORE, Plaintiff Wood, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendants for:

6

A.    A certification of the class as alleged herein;

B.    A declaration that MyEyeDr. violated the TCPA as to Plaintiff and the class;

C.    Injunctive relief aimed at ensuring the prevention of MyEyeDr. from violating the TCPA in the future, including:

    1.    Requiring MyEyeDr., to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of MyEyeDr.'s outbound calls to ensure that MyEyeDr. had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

D.    Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every call made using an artificial or prerecorded voice to each and every class member;

E.    Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

F.    Attorneys' fees and costs, as permitted by law; and

G.    Such other or further relief as the Court deems just and proper

**<u>JURY DEMAND</u>**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 5, 2020                                          By: /s/ Michael W. Drew
                                                                                    Plaintiff's Attorney

Michael Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhoodlegal.com