**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL WOOD, *on behalf of himself and a putative class of similarly situated individuals,* ) ) ) ) *Plaintiff,* ) ) v. ) ) CAPITAL VISION SERVICES, LLC, ) MYEYEDR. OPTOMETRISTS, LLC, ) MEEYEDR. OPTOMETRY OF ) ILLINOIS, LLC, ) ) *Defendants.* ) | No. 20 C 4584 Judge Virginia M. Kendall |

## ORDER

Michael Wood purchased a pair of non-prescription sunglasses at a MyEyeDr. optometry location in Chicago in the summer of 2017. (Dkt. 24 ¶ 23.) Wood believes that he may have provided his cell phone number to MyEyeDr. during this visit. (*Id.*) Three years later, he received a call on his cell phone from the number associated with that same MyEyeDr. location. (*Id.* ¶ 16.) Wood did not answer the call, so MyEyeDr. left him a prerecorded voicemail requesting that he schedule an appointment to see an optometrist. (*Id.* ¶ 18.)

Wood sued MyEyeDr. and Capital Vision, a company that provides marketing services to MyEyeDr., on the theory that the phone call violated Wood's rights under the Telephone Consumer Protection Act ("TCPA"). Defendants now move to dismiss on the grounds that Wood's Amended Complaint fails to state a claim upon which relief can be granted. As set forth below, the Amended Complaint does not state a claim that is plausible on its face, so the Motion (Dkt. 25) is granted.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party need not plead "detailed factual allegations," but "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Under 47 U.S.C. § 227(b), it is "unlawful for any person within the United States . . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." This general rule is subject to several exceptions, none of which are relevant here.

The only dispute for purposes of this Motion is whether Wood plausibly alleges that he received this call without giving prior express consent. Common sense dictates that when a customer gives his phone number to a business that sells certain services, he can expect to receive calls from that business to encourage him to use those services. The Amended Complaint plainly alleges that he gave his phone number to this company (Dkt. 24 ¶ 23), but it also alleges that he never consented to have them call him. (*Id.* ¶ 22.) This defies common sense. By volunteering one's number, one expects to receive a call. It is not plausible that "Plaintiff did not consent to be contacted at the phone number" (*id.* ¶ 23) that Plaintiff admits to having given to Defendants. It is difficult to imagine what Plaintiff thought Defendants would do with his number other than call him.

Plaintiff's allegations of non-consent lack the facial plausibility required to survive a motion to dismiss under *Twombly* and *Iqbal*.

## CONCLUSION

The Motion to Dismiss [25] is granted and the Amended Complaint is dismissed without prejudice.[1]

_____
Virginia M. Kendall
United States District Judge

Date: December 23, 2020

---

[1] The Court does not reach the Motion to Strike the Class Allegations because the Amended Complaint is being dismissed in its entirety. The Court expresses no view as to the merits of that Motion.