IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WOOD, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 20 C 4584 |
| | ) | |
| CAPITAL VISION SERVICES, LLC, | ) | |
| MYEYEDR. OPTOMETRISTS, LLC, | ) | Judge Virginia M. Kendall |
| MYEYEDR. OPTOMETRY OF | ) | |
| ILLINOIS, LCC, | ) | |
| | ) | |
| *Defendants.* | ) | |

## **ORDER**

On July 14, 2020, Michael Wood received a call on his cell phone from a number associated with one of MyEyeDr.'s offices in Chicago. (Dkt. 34 at ¶ 16). Wood did not answer the call, so MyEyeDr. left him a prerecorded voicemail requesting that he schedule an appointment to see an optometrist. (*Id*. at ¶¶ 18–19). Wood sued MyEyeDr. and Capital Vision, a company that provides marketing services to MyEyeDr., on the theory that the phone call violated Wood's rights under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (*Id*. at ¶ 27). Specifically, Wood claims he did not provide consent for the call. (*Id*. at ¶ 24).

Wood previously alleged in his First Amended Complaint ("FAC") that "Defendants may have obtained [his] cell phone number when [he] purchased non-prescription sunglasses from" a MyEyeDr. location in 2017, but that he "did not consent to be contacted at the phone number by [Defendants] for any reason." (Dkt. 24 at ¶ 23). This Court dismissed the FAC, without prejudice, reasoning it was not plausible that Wood did not consent to be contacted at a phone number he admitted having given it to Defendants. (Dkt. 30 at 2). [1] On the same day, the Court inadvertently entered judgment against Wood and terminated the case. (Dkt. 31).

Wood subsequently filed a motion to alter judgment and for leave to file a second amended complaint, (Dkt. 32), which this Court granted (Dkt. 33). Wood filed his SAC later that day. (Dkt. 34). Defendants now move for reconsideration of this Court's decision to reopen the case. (Dkt. 35). For the foregoing reasons, Defendants' motion for reconsideration is denied.

---

[1] The Court rejected Wood's attempt to distinguish that the FAC only speculates that he *may* have provided Defendants his phone number and does not allege he in fact gave Defendants his phone number. The FAC does not establish a plausible alternative for how Defendants may have obtained Wood's phone number, so the Court read the FAC to allege that Wood provided his phone number to Defendants. (Dkt. 30 at 1-2).

**LEGAL STANDARD**

Motions to reconsider should be granted only in rare circumstances and the party moving for reconsideration bears a heavy burden. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Such motions are appropriate only "to correct manifest errors of law or fact or to present newly discovered evidence[,]" or where the court has "patently misunderstood a party, ... has made a decision outside the adversarial issues presented … or, has made an error not of reasoning, but of apprehension." *Caisse,* 90 F.3d at 1269 (internal quotations omitted); *Bank of Waunakee*, 906 F.2d at 1191 (citation omitted).

**ANALYSIS**

As a threshold matter, the parties dispute whether Wood's motion to alter judgment should be assessed under the more liberal standard of Federal Rule of Civil Procedure 15(a)(2) or the more stringent standard of Federal Rule of Civil Procedure 59(e). Although Wood's motion was brought under Rule 59(e), his request to file a SAC is properly assessed under Rule 15(a)(2) because the Court *inadvertently* entered final judgment against him. Rule 15(a)(2) directs the Court to "freely give leave" to amend the pleadings. Although this standard reflects a liberal attitude in allowing amendments, leave should not be granted where the moving party has unduly delayed amending the pleading, the amendment would cause undue prejudice to the opposing party, or where the amendment would be futile. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir.2007). Defendants argue the Court should not have granted leave to amend because the SAC fails to cure the defects identified by the Court when dismissing the FAC.

The SAC is largely identical to the FAC, except in two key regards. First, it is devoid of the paragraph alleging that Wood may have provided Defendants his cell phone number when he visited a MyEyeDr. office in 2017. (*See* Dkt. 35 Ex. A). Second, it adds that Wood "has never given consent to any Defendant to call or text his cell phone number using a prerecorded message or automated dialing system *regarding optometry services*." (Dkt. 34 at ¶ 24) (emphasis added). The deletion of facts on which the Court based its decision to dismiss the FAC warrants the stern raise of a brow and alone is insufficient to cure the defects in the previously dismissed complaint, particularly because Wood admits in his briefing that he did in fact visit a MyEyeDr. office in 2017. (Dkt. 37 at 6). Ultimately, however, even if this fact had been included in the SAC, and the Court proceeds as if it was, the SAC now clarifies the scope of the consent given by Wood. In the FAC, Wood stated he gave his number to Defendants when purchasing a pair of sunglasses at a MyEyeDr. location. (Dkt. 24 at ¶ 23). This contradicted his subsequent allegation that he "did not consent to be contacted at the phone number by [Defendants] for *any* reason." (*Id*.) (emphasis added). Thus, although Wood was not required to anticipate the affirmative defense of consent, he pled himself out of court because by providing his number he consented to be contacted in some regard.

The SAC clarifies that even if Wood gave Defendants his phone number while purchasing sunglasses, he did not consent to being contacted "regarding optometry services." (Dkt. 34 at ¶ 24). Effective consent in the TCPA context "is one that relates to the same subject matter as is covered by the challenged calls or text messages." *Blow v. Bijora, Inc.*, 855 F.3d 793, 804 (7th

Cir. 2017) (internal quotations and citation omitted). [2] This is a fact specific inquiry. *See e.g.*, *Hudson v. Ralph Lauren Corp.*, 385 F. Supp. 3d 639, 642 (N.D. Ill. 2019). Wood did not visit MyEyeDr. for optometry services. He purchased *non-prescription* sunglasses. Discovery may reveal Wood's consent was broader—we do not yet know why Wood provided his phone number—but for now, the SAC plausibly alleges that the scope of Wood's consent did not extend to the call on July 14, 2020 requesting Wood to schedule an appointment with an optometrist. The SAC cures the defects identified by this Court in the FAC and thus withstands the liberal standard under Rule 15(a)(2). Defendants' motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration [35] is denied. Defendants are directed to file an answer to the SAC within 21 days of the issuance of this opinion.

Virginia M. Kendall
United States District Judge

Date: March 16, 2021

---

[2] Although the parties raised arguments regarding the scope of consent on Defendants' motion to dismiss the FAC, the Court did not consider this issue because the allegations in the FAC were implausible on their face. (Dkt. 30 at 2).